IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES LYONS,<br><br>    Plaintiff,<br><br>v.<br><br>US LIVING LLC, YEHONOTAN SADE and SADE CAPITAL,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:24-CV-0033-MHC |

## ORDER

On January 3, 2024, Magistrate Judge John K. Larkins, III, entered an Order [Doc. 2] permitting Plaintiff Charles Lyons ("Lyons") to proceed in forma pauperis in this action. The case was then referred to the undersigned for a 28 U.S.C. § 1915(e) frivolity determination.

I.      LEGAL STANDARD

A federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A plaintiff, however, may not simply plead facts in a complaint sufficient to find that a claim to relief is merely conceivable; instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The Supreme Court has also instructed:

> [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

The Court notes that, because Lyons is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262,

1263 (11th Cir. 1998). However, this "does not give a court license to serve as [her] de facto counsel . . . , or to rewrite an otherwise deficient pleading in order to sustain an action." Powers v. Avondale Baptist Church, 393 F. App'x 656, 657 (11th Cir. 2010) (internal quotation marks omitted). Moreover, nothing in the leniency accorded a pro se filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. See, e.g., Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002).

## II.    DISCUSSION

Lyons filed his Complaint [Docs. 3 and 3-1][1] against Defendants Yehonotan Sade ("Sade"), Sade Capital, and US Living LLC ("US Living"), seeking $2,500,000.00 in "statutory, actual and punitive damages" for "toxic mold exposure, breach of contract, negligence, and failure to disclose of mold at property." Compl. Form at 4-5. Lyons alleges that, in July 2019, he submitted a maintenance request via the resident portal at The Fields Retreat Peachtree, which is managed and owned by Defendants, because the ceiling in his bathroom "had caved in due to running water from the unit above." Compl. at 2. Lyons further alleges that there was "significant mold in the unit" before the ceiling caved in. Id.

---

[1] Lyons filed a typewritten Complaint ("Compl.") [Doc. 3], along with a filled-out Complaint for Civil Damages Form ("Compl. Form") [Doc. 3-1].

3

Defendants failed to respond to Lyons's requests for repairs "for weeks," and "[t]he water damage caused toxic mold and mildew to set in throughout the whole unit." Id. Lyons alleges that he became ill due to the toxic mold exposure, and that "everything inside [the unit] had to be thrown away." Id. Lyons claims that (1) Defendants' failure to respond to the requests constituted a breach of a "contractually binding agreement to fix necessary repairs," (2) Defendants' negligence caused Lyons's exposure to toxic mold and mildew, which put Lyons's health at risk, and (3) Defendants "failed to disclose the condition of the unit concerning the toxic mold, which was present when [Lyons] signed the contract [for] the unit." Id.

### A.     Subject Matter Jurisdiction

Lyons purports to invoke both federal question and diversity of citizenship jurisdiction. Addressing first federal question jurisdiction, the Court finds that Lyons's Complaint does not raise a question of federal law. Whether federal question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Lyons's Complaint does not allege any violations of federal law or any of Plaintiff's federal constitutional rights.

4

Although Lyons references 41 U.S.C. § 6503, Title 41 of the United States Code provides for and governs public contracts, i.e., contracts involving the U.S. Government, and the Code section referenced by Lyons concerns breach of such a public contract for materials, supplies, articles, and equipment. Lyons does not allege that any Defendant is an agent of the United States; thus, 41 U.S.C. § 6503 is not relevant to his claims against any Defendant.[2]

Furthermore, a review of the record in this case reveals that Lyons has not sufficiently alleged that the parties are diverse. "Diversity jurisdiction exists over a controversy between citizens of different states." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing 28 U.S.C. § 1332(a)). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state in which a member of its company is a citizen." Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). "To sufficiently allege the

---

[2] The Court also notes that 28 U.S.C. § 1332, the other federal statute cited by Lyons, does not form the basis for any private cause of action but confers federal courts with original jurisdiction over actions between diverse citizens where the amount in controversy exceed $75,000, as explained in more detail below.

5

citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Although Lyons has sufficiently pleaded that he is a citizen of Georgia, that Sade, an individual, is a citizen of Texas, and that Sade Capital, presumably a corporation, is a citizen of Texas, Lyons fails to list the citizenship of all the members of US Living, as required for limited liability companies. Accordingly, the Court cannot determine whether complete diversity of citizenship exists between Lyons and all Defendants.

Further, although Lyons seeks $2,500,000 in damages, he does not substantiate this claim for relief with any allegations of what the basis of his damages may be. See Compl. Form at 4 (asking the plaintiff to explain why the amount in controversy exceed $75,000, in response to which Lyons simply answered, "$2,500,000"). Although the federal rules do not require specific facts to be pleaded for every element of a claim, or that claims be pleaded with precision, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500

6

F.3d 1276, 1282-83 (11th Cir. 2007) (internal citations omitted); see also Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007) ("A conclusory allegation that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the plaintiff's burden.") (internal punctuation accepted, quotation and citation omitted).

### B. Statute of Limitations

The Eleventh Circuit has held that, when a district court reviews a complaint under 28 U.S.C. § 1915, "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). "[I]n a diversity case, the district court applies the forum state's choice-of-law rules. Under Georgia law, and the rule of *lex fori*, 'procedural or remedial questions are governed by the law of the forum, and statutes of limitations are considered procedural." McCabe v. Daimler AG, 948 F. Supp. 2d 1347, 1361 (N.D. Ga. 2013). Lyons brings claims that appear to sound in contract,[3] negligence, and misrepresentation.

---

[3] Under Georgia law, the statute of limitations for actions arising out of contract is six years. O.C.G.A. § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same became due and payable."). "[W]ith respect to a breach of contract claim the statute of limitation runs from the time the contract is broken rather than from the time the actual damage results or is

7

### 1.     Statute of Limitations for Actions Arising Out of Negligence

Under Georgia law, claims for "injuries to the person" must be brought within two years after the right of action accrues, O.C.G.A. § 9-3-33, and claims for damage to personal property must be brought within four years after the right of action accrues, § 9-3-31. "[A] cause of action in negligence accrues and the statute of limitations begins to run when there is a negligent act coupled with a proximately resulting injury." Wilks v. Overall Constr., Inc., 296 Ga. App. 410, 413 (2009) (quoting Travis Pruitt & Assoc. v. Bowling, 238 Ga. App. 225, 226 (1999)) (emphasis omitted).

Lyons alleges that the ceiling of his bathroom caved in in July 2019, and that it took weeks for Defendants to respond to his maintenance requests and repair the ceiling. Compl. at 2. Lyons alleges that he "became ill due to the toxic mold exposure," and that "everything inside had to be thrown away." Id. Thus, Lyons had until July 2021 to file his claim to recover for personal injury, and he had until July 2023 to file his claim to recover for damage to personal property. However,

---

ascertained." Hamburger v. PFM Cap. Mgmt., Inc., 286 Ga. App. 382, 385 (2007). Lyons alleges that Defendants breached the lease agreement in July 2019 when they failed to timely make repairs in his leased apartment. Because the statute of limitations on his breach of contract claim is set to expire in July 2025, and because Lyons filed his complaint on January 3, 2024, his breach of contract claim was filed within the applicable limitations period.

Lyons did not file his Complaint until January 3, 2024. Accordingly, it appears on the face of the Complaint that Lyons's claims to recover for both his illness and damage to personal property arising out of Defendants' alleged negligence are barred by the statute of limitations. Furthermore, nothing on the face of the Complaint suggests any action or omission by Defendants or other event that would have tolled the running of the statute of limitations. See, e.g., O.C.G.A. § 93-3-96 (tolling the statute of limitations for fraudulent concealment of the cause of action). Accordingly, all of Lyons's claims sounding in negligence are barred by the statute of limitations and, therefore, subject to dismissal as frivolous. See Garza v. Hudson, 436 F. App'x 924, 925 (11th Cir. 2011) ("In those cases in which the statute of limitations had expired prior to filing, a dismissal for frivolity is warranted and the court need not wait for the limitations issue to be raised in a defensive pleading if the issue is apparent on the face of the complaint.") (citing Clark, 915 F.2d at 640-41 n.2).

  2.   **Statute of Limitations for Misrepresentation Claim**

Construing Lyons's "failure to disclose" claim as one arising under fraud or misrepresentation, such claims are also barred by the statute of limitations. Under Georgia law, "[a] four-year statute of limitations applies to actions for fraud and negligent misrepresentation." Mbigi v Wells Fargo Home Mortg., 336 Ga. App.

9

316, 325 (2016) (citing O.C.G.A. § 9-3-31). Such limitations period begins to run when the actual injury occurs, not when the misrepresentations are made. Hardaway Co. v. Parson, Brinckerhoff, Quade & Douglas, Inc., 267 Ga. 424, 427 (1997). Here, Lyons alleges that Defendants "failed to disclose the condition of the unit concerning the toxic mold, which was present when Plaintiff signed the contract [for] the unit." Compl. at 2. But Lyons's injuries from Defendants' failure to disclose occurred in July 2019, causing water damage and the ensuing mold and mildew. Id. Accordingly, Lyons had until July 2023 to file his claim for injuries arising out of Defendants' alleged fraud or misrepresentation. Because his claims are barred by the statute of limitations, they are subject to dismissal as frivolous.

## III. CONCLUSION

Precedent in this circuit holds that "when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Gary v. U. S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that the court was not required to *sua sponte* grant leave to amend to counseled plaintiffs

who never requested such leave, but noting that the holding did not disturb a pro se litigant's right to amend).

Accordingly, it is hereby **ORDERED** that Plaintiff Charles Lyons file an Amended Complaint within fourteen (14) days from the date of this Order. The Amended Complaint must do the following:

(1) Address the shortcomings noted herein, including identifying the basis for his claim that he suffered $2,500,000 in damages and listing the citizenships of all the members of US Living;

(2) Comply with the pleading requirements of Federal Rule of Civil Procedure 8;

(3) Exclude any claim for personal injury or damage to personal property arising out of Defendants' alleged negligence, fraud, or negligent misrepresentation as barred by the statute of limitations;

(4) Identify each cause of action in separate counts of the complaint and provide within each count a short explanation of the legal theory for the claim;

(5) Include a factual background setting forth specific, non-conclusory factual allegations that directly pertain to Plaintiff's case against Defendant and suggest support for the required elements of his claim;

(6) Identify the particular defendant(s) against whom each particular cause of action is brought;

(7) Identify by reference which specific factual allegations and acts by Defendant support each cause of action within each count of the Complaint; and

(8) Exclude all generalized discussions and immaterial allegations.

If Lyons fails to file an amended complaint within the allowed time period that complies with this Order, this case will be dismissed.

**IT IS SO ORDERED** this 11th day of March, 2024.

_____
MARK H. COHEN
United States District Judge