IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES LYONS,

    Plaintiff,

v.

US LIVING LLC, YEHONOTAN
SADE, and SADE CAPITAL,

    Defendants.

CIVIL ACTION FILE

NO. 1:24-CV-0033-MHC

## ORDER

On March 11, 2024, this Court entered an Order finding that Plaintiff Charles Lyons ("Lyons")'s Complaint [Docs. 3 and 3-1][1] was frivolous and subject to dismissal because it did not sufficiently state the basis for subject matter jurisdiction. Mar. 11, 2024, Order [Doc. 5]. However, in light of Lyons's pro se status, the Court provided Lyons an opportunity to amend his complaint to cure any deficiencies. Id. at 10-12. Lyons filed Motions to Amend Complaint ("Pl.'s

---

[1] Lyons filed a typewritten Complaint ("Compl.") [Doc. 3], along with a filled-out Complaint for Civil Damages Form ("Compl. Form") [Doc. 3-1].

Mot.") [Docs. 6 & 7],[2] which are now before the Court for a 28 U.S.C. § 1915(e) frivolity determination.

## I.  LEGAL STANDARD

A federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555 (quoting Conley v. Gibson, 355

---

[2] Plaintiff filed two motions, but they are identical, and the Court will therefore refer to them in the singular. Although no separate Proposed Amended Complaint is attached to the motion, Plaintiff provides the amended cause of action in the body of the motion, which this Court will consider for purposes of this frivolity determination.

U.S. 41, 47 (1957)). A plaintiff, however, may not simply plead facts in a complaint sufficient to find that a claim to relief is merely conceivable; instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The Supreme Court has also instructed that

> [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)) (other citations omitted).

The Court notes that, because Lyons is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this "does not give a court license to serve as [her] de facto counsel . . . , or to rewrite an otherwise deficient pleading in order to sustain an action." Powers v. Avondale Baptist Church, 393 F. App'x 656, 657 (11th Cir. 2010) (internal quotation marks omitted). Moreover, nothing in the leniency accorded a pro se filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. See, e.g., Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002).

## II.   DISCUSSION

Lyons filed his Complaint against Defendants Yehonotan Sade ("Sade"), Sade Capital, and US Living LLC ("US Living"), seeking $2,500,000.00 in "statutory, actual and punitive damages" for "toxic mold exposure, breach of contract, negligence, and failure to disclose of mold at property." Compl. Form at 4-5.

In its March 11, 2024, Order, the Court found that Lyons's Complaint failed to allege the basis for this Court's subject matter jurisdiction over the case because (1) Lyons's Complaint did not raise a question of federal law, (2) Lyons failed to allege that the parties are completely diverse, and (3) Lyons failed to substantiate his claim for relief ($2,500,000) with any allegations of the basis for those damages. Mar. 11, 2024, Order at 5-6. Furthermore, the Court found that any claims Lyons may have had arising out of negligence, fraud, and misrepresentation were barred by the statute of limitations. Id. at 7-10. Accordingly, the Court ordered Lyons to file an amended Complaint within fourteen days addressing the shortcomings identified by the Court. Id. at 10-12.

In his Motion, Lyons asks this Court "to amend diversity of citizenship to Federal question under Contracts § 13-6-2 as to comply with the pleading requirements of Federal Rule of Civil Procedure 8." Pl.'s Mot. at 1. However,

4

nowhere in the Motion does Lyons raise any claim arising out of federal law. Instead, Lyons reasserts his claim for breach of contract arising out of Georgia law. Pl.'s Mot. at 2. Such a breach of contract claim is "exclusively a matter of state law." Fourteenth St. Venture, L.P. v. Babatund, No. 1:13-CV-01129-CAP-RGV, 2013 WL 12212558, at *2 (N.D. Ga. Apr. 30, 2013). Thus, Lyons has failed to raise any question of federal law so as to confer federal question subject matter jurisdiction over this case. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Lyons has also failed to amend his Complaint to sufficiently allege diversity of citizenship subject matter jurisdiction. Specifically, the Court ordered Lyons to list the citizenship of all members of US Living LLC, as required for limited liability companies. Mar. 11, 2024, Order at 5-6 (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)). Lyons's Motion contains no allegations regarding the citizenship of US Living LLC's members. The Court cannot determine the citizenship of US Living LLC and, thus, cannot know whether complete diversity exists between the parties.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff Charles Lyons's Motions to Amend Complaint [Docs. 6 & 7] are **DENIED** as futile. It is further **ORDERED** that Plaintiff's Complaint [Docs. 3 & 3-1] is **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 26th day of March, 2024.

_____
MARK H. COHEN
United States District Judge